ORDER ON REHEARING
MR. CHIEF JUSTICE TURNAGE
delivered the Order.
On February 3, 1988, respondent Roger H. Smith petitioned for rehearing pursuant to Rule 34, M.R.App.P. Roger Smith raises the following grounds for rehearing:
This case must be remanded for a jury determination of the amounts due Roger Smith as an “employee,”
This action must be remanded to the trial court for an accounting as to those joint ventures identified by this court, [and]
The “opinion” testimony objected to be this court was properly admitted.
After review of the record and the respective parties’ briefs and rehearing petitions, we hold that our January 15, 1988, opinion properly addresses respondent’s rehearing grounds 2 and 3. Accordingly, we decline to reconsider the above-mentioned grounds in respondent’s rehearing petition.
Respondent contends that this cause must be remanded to “determine amounts due Roger Smith as an employee.” We agree that this issue must be determined by the District Court.
In our January 15, 1988, opinion, we stated: “By the close of the plaintiffs case, all issues except partnership had been dismissed.” After further review of the record, we note the jury’s special interrogatory which provides in pertinent part:
“6. Did a partnership exist between Wilbur E. Smith and Roger H. Smith regarding the ‘Smith business.’
“Answer Yes_No_
“If you answered Question #6 ‘no’; proceed to questions #9.”
The jury answered “yes” to special interrogatory question #6. Because the jury answered “yes” to question #6, the jury was not required to address special interrogatory questions #9 and #10.
Special interrogatory questions #9 and #10 provide:
“9. Did Roger H. Smith provide goods and services for the benefits, use or improvement of the Wilbur E. Smith properties over his lifetime, for which he has not been compensated?
“Answer Yes_No_
“If you answered Question #9 ‘yes,’ proceed to Question #10. If *150 you answered Question #9 ‘no,’ go to the end of the question and sign the verdict form.
“10. What is the reasonable value of any such services, for which Roger H. Smith has not been compensated?
“Answer $_
As stated earlier, the jury found that a partnership existed between Roger and Wilbur. The jury was not required, and therefore did not address, Roger Smith’s claim for services. In our January 15, 1988, opinion, we held the District Court erred when it denied the estate’s motion for a directed verdict on the partnership issue. We vacated the judgment and remanded the cause to the District Court with instructions to dismiss. In doing so, we failed to address respondent’s claim for “the reasonable value of any such services for which Roger H. Smith has not been compensated.”
IT IS ORDERED that this Court’s opinion of January 15, 1988, is hereby modified, for the reasons set forth above, to remand this matter to the District Court with instructions to hear respondent’s claim for an amount if any due for the reasonable value of Roger H. Smith’s services, within the applicable statute of limitations.
As so modified, this Court’s opinion of January 15, 1988, is affirmed. Let remittitur issue forthwith.
DATED this 16th day of February, 1988.
s/J.A. Turnage, Chief Justice
s/John Conway Harrison, Justice
s/Fred J. Weber, Justice
s/John C. Sheehy, Justice
s/William E. Hunt, Sr., Justice
s/L.C. Gulbrandson, Justice
s/R.C. McDonough, Justice